65 F.3d 169
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Edward CZUPRYNSKI, Defendant-Appellant.
 No. 93-1079.
 United States Court of Appeals, Sixth Circuit.
 Aug. 31, 1995.
 
 Before: KENNEDY and MARTIN, Circuit Judges; and WISEMAN, District Judge.*
 PER CURIAM.
 
 
 1
 In 1992, Edward Czuprynski was indicted, tried, and convicted of simple possession of marijuana in violation of 21 U.S.C. Sec. 844. Despite the meager amount of marijuana that he allegedly possessed, Czuprynski was sentenced to a one-year, two-month term of imprisonment. The facts of his case have been rehashed beyond repeating; the case itself has occupied untold judicial resources. See United States v. Czuprynski, 8 F.3d 1113 (6th Cir.1993), vacated, 16 F.3d 704 (6th Cir.1994), rev'd en banc, 46 F.3d 560 (6th Cir.1995). Therefore, we shall not belabor the history of Czuprynski's case any further. The sole issue we are addressing is whether there is a sufficient quantum of evidence to support proof of the elements of the offense for which Czuprynski was charged. We find that there is not, and therefore REVERSE.
 
 
 2
 Title 21 United States Code, Section 844(a) makes it unlawful to possess a controlled substance. To prove a violation of this section, the United States must show that Czuprynski "knowingly or intentionally" possessed a controlled substance. 21 U.S.C. Sec. 844(a). The only substantive evidence presented against Czuprynski at trial was three unmarked 35-mm film cannisters found during a search of his office and apartment. Despite repeated attempts, no provable fingerprints were found on any of these cannisters.[1] The first of these film cannisters contained three-tenths of a gram of a "green leafy substance." The other two contained seven-tenths and six-tenths of a gram, respectively, of the same "substance." William Lugten, an employee of the Michigan State Police working at the Bridgeport Crime Laboratory, testified that in his opinion this "plant material" was marijuana.
 
 
 3
 Lugten stated that he examined the contents of the cannisters, but he neither mentioned any tests conducted nor described what features were present to indicate that this was indeed marijuana, e.g. testing for the presence of THC. Further, on cross examination, Lugten admitted that although seeds were present, they were not tested. Lugten found no marijuana or marijuana residue on either the pipe or the ashtray found in Czuprynski's office. He also testified regarding two plastic baggies containing catnip. Without actually identifying the substance as catnip, Lugten said that it was not marijuana, but claimed that it resembled marijuana.
 
 
 4
 Given such a minute amount of marijuana--the total amount alleged is only 1.6 grams including seeds that were not tested--we find that Lugten's opinion testimony is not sufficiently reliable in the absence of a THC test. See United States v. Coslet, 987 F.2d 1493 (10th Cir.1993) (stating that plants need not be tested for THC only if sufficiently reliable testimony identifies them as marijuana). Furthermore, the fact that no provable fingerprints were found on the film cannisters mitigates against finding that Czuprynski ever possessed them. Although, the two film cannisters containing 1.3 grams of marijuana were found in Czuprynski's office, all of the attorneys in his firm used that office for meetings and conferences. Indeed, as the officers searched, Czuprynski mentioned that they may have been placed by a disgruntled employee. Thus, the United States failed to meet its burden of proving the elements of the charged offense.
 
 
 5
 In an effort to prove that Czuprynski knowingly possessed marijuana, the United States introduced circumstantial evidence attempting to show that he had used marijuana prior to the time of his indictment for possession.[2] Czuprynski characterizes this evidence as irrelevant to the issue of whether he possessed marijuana on March 18, 1992, and inflammatory. He argues that its probative value is outweighed by its prejudicial effect upon the jury and that it is inadmissible under both Rules 403 and 404(b) of the Federal Rules of Evidence. The United States in turn argues that this testimony was properly admitted: it not only demonstrated that Czuprynski was a habitual user of marijuana, but was relevant as proof of motive to possess, of opportunity to obtain, of intent to possess, and of knowledge that it was marijuana; further, it refutes any claim of accidental or mistaken possession.
 
 
 6
 Rule 404(b) of the Federal Rules of Evidence provides that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." Although such evidence is admissible for other purposes, it must still pass muster under Rule 403, which excludes relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." Fed.R.Evid. 403; United States v. Dunn, 805 F.2d 1275, 1280 (6th Cir.1986). "Evidence that a defendant uses drugs is highly prejudicial." United States v. Vizcarra-Martinez, 57 F.3d 1506, 1516 (9th Cir.1995).[3] Indeed, the Ninth Circuit has held that "far less damaging evidence regarding drug use ... could have a 'significant' prejudicial effect upon the jury's decision." Id. (quoting United States v. McLister, 608 F.2d 785, 790 (9th Cir.1979)).
 
 
 7
 In this case, the testimony against Czuprynski went further than merely establishing motive, opportunity, or intent; as he contends, it attacked Czuprynski's character in an attempt to make him appear to be a bad person. We conclude that the prejudicial effect of the bad acts evidence admitted against Czuprynski substantially outweighed its probative value as to whether he possessed marijuana on March 18, 1992. For this reason, it was an abuse of discretion for the court to admit the evidence. Absent this evidence, the United States's case is weakened further.
 
 
 8
 Because we find, considering only the evidence properly admitted, that the United States failed to prove that Czuprynski knowingly possessed marijuana, we REVERSE.
 
 
 9
 KENNEDY, Circuit Judge, dissenting.
 
 
 10
 I am unable to agree with the majority that the evidence was insufficient to permit the jury to find that the substance in the film canisters was marijuana.
 
 
 11
 Defendant did not raise this issue in his appellate briefs. For that reason alone, it should be treated as waived. Likewise, defendant did not move for judgment of acquittal on this basis. Defendant stipulated to the qualification of the government's expert, William Lugten. Lugten testified that the leafy material in the three government exhibits was marijuana. Defendant did not assert that the quantity of marijuana was too small to be reliably tested. Without any foundation, the majority concluded that the amount, 1.3 grams, was too small to be reliably tested.
 
 
 12
 The evidence of defendant's possession was sufficient to convict. One of the canisters with marijuana residue was found in defendant's apartment. The other canister, along with a chrome pipe, was found in a desk drawer in defendant's office. Coupled with the testimony of Sawicki and Garpiel, the evidence was not only sufficient, it was persuasive. This court should not substitute its conclusions for those of the jury.
 
 
 13
 I also disagree that the District Court erred in admitting the testimony of Sawicki and Garpiel concerning defendant's extensive use of marijuana in his office. The testimony was extremely probative for the marijuana, although in defendant's office or his home, was found outside his presence. Their testimony provided a strong link of the marijuana to defendant. It is because the testimony is probative that it is prejudicial. I fail to see how it is "unfairly" prejudicial.
 
 
 14
 We review the admissibility of evidence under 404(b) under an abuse of discretion standard. United States v. Clemis, 11 F.3d 597 (6th Cir.), cert. denied 114 S.Ct. 1858 (1994). As we noted there, "in determining the admissibility of evidence under Rule 404(b) 'a trial judge is accorded broad discretion.' " United States v. Vance, 871 F.2d 572, 576 (6th Cir.), cert. denied 493 U.S. 933 (1989). I can find no abuse of that broad discretion.
 
 
 
 *
 The Honorable Thomas A. Wiseman, Jr., United States District Judge for the Middle District of Tennessee, sitting by designation
 
 
 [1]
 Latent fingerprints were found on the containers, but after two attempts were not able to be matched with Czuprynski's or the four others tested
 
 
 [2]
 Czuprynski objects to the testimony of two former employees of his law firm, Judith Sawicki (whose repeated affidavits lead to the search of his office) and Richard Garpiel. Specifically, Sawicki testified that Czuprynski smoked marijuana "all day long" in the office, that his office reeked from the odor, and that she obtained marijuana for her own use from Czuprynski. Garpiel testified regarding Czuprynski's attitude toward marijuana: because Nixon's administration said that it was not addictive, Czuprynski felt it was okay to smoke. He also testified about having to clean Czuprynski's office of marijuana paraphernalia and odors before meeting with clients and of smelling marijuana in the office after he was fired
 
 
 [3]
 In Vizcarra-Martinez, the defendant was convicted of conspiring to wrongfully possess listed chemicals used in manufacturing methamphetamine. The prior act evidence was possessing a personal-use amount of methamphetamine. The Ninth Circuit held that "evidence that the defendant used methamphetamine, or possessed a small amount of the drug, does not tend to prove that he participated in a conspiracy to manufacture it." Vizcarra-Martinez, 57 F.3d at 1514. After determining that the district court abused its discretion in admitting the evidence, the court discussed whether the admission was harmless error and decided that it was not