73 F.3d 361
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 In re Edward M. CZUPRYNSKI, Appellant.
 No. 95-1572.
 United States Court of Appeals, Sixth Circuit.
 Dec. 18, 1995.
 
 Before BROWN, NELSON, and MOORE, Circuit Judges.
 OPINION
 MOORE, Circuit Judge.
 
 
 1
 Edward M. Czuprynski appeals a district court order suspending him from the practice of law for 120 days. Because the criminal conviction on which the suspension was based has been reversed, we vacate the order and remand for further proceedings.
 
 
 2
 * On September 29, 1992, a jury in the U.S. District Court for the Eastern District of Michigan convicted attorney Edward M. Czuprynski of possession of 1.6 grams of marijuana in violation of 21 U.S.C. Sec. 844(a). The district judge sentenced him to fourteen months in prison, which made his offense a felony under federal law. See 21 U.S.C. Sec. 802(43). Because of his felony conviction, both the Michigan Attorney Discipline Board (the "Board") and the district court temporarily suspended Czuprynski's license to practice law pending the outcome of formal disciplinary proceedings.
 
 
 3
 On June 17, 1993, the Board's disciplinary proceedings resulted in a decision to suspend Czuprynski from state law practice for a period of 119 days due to his federal conviction and sixty days due to an unrelated failure to comply with a state court contempt order. In addition, the Board's order prevented Czuprynski from seeking reinstatement until "released from all custodial restraints" associated with his federal conviction. The two suspensions began on July 9, 1993, and ran concurrently.
 
 
 4
 On November 9, 1993, a panel of this court found that the search that had led to the discovery of Czuprynski's marijuana was unconstitutional. It therefore reversed his conviction. See United States v. Czuprynski, 8 F.3d 1113, 1115, 1119 (6th Cir.1993). The Board then reinstated his license to practice before Michigan state courts. On February 8, 1995, the district court reinstated Czuprynski's license to practice in the federal courts.
 
 
 5
 Two days after his federal court reinstatement to practice law, however, this court reversed its earlier decision and upheld Czuprynski's conviction in an en banc rehearing. See United States v. Czuprynski, 46 F.3d 560, 561 (6th Cir.1995). In light of the en banc decision, the district court decided to take a second look at Czuprynski's federal practice reinstatement. The district court then realized that, under its local rules, Czuprynski's initial federal suspension should have lasted only until the termination of the state's disciplinary proceedings, see E.D.Mich.R. 111.1(a)(1), at which point the district court should have entered a final suspension order identical to that issued by the Board, see id. R. 111.1(b)(2). Therefore, in an apparent effort "to clarify the record and comply with [its] standard procedure," the district court vacated the previous reinstatement order and entered a final, 120-day suspension order nunc pro tunc, effective July 9, 1993, the day on which the state's 119-day suspension had commenced.
 
 
 6
 Czuprynski moved for reconsideration of this decision. The district court corrected some minor errors but did not make any substantive changes to the order. Czuprynski then filed this appeal.
 
 II
 
 7
 Czuprynski does not oppose the district court's desire to ensure that his suspension conforms to Local Rule 111.1. Nor does he dispute that vacating the previous federal reinstatement and issuing a new order is a reasonable means of rectifying the district court's past oversight, as nunc pro tunc orders are meant to do. Czuprynski's complaint is that the district court made the retroactive suspension period 120 days long, rather than using the 119-day suspension that the Board had imposed. See E.D.Mich.R. 111.1(b)(2) (requiring district court to enter an order imposing discipline "identical" to that imposed by another court). This extra day is significant because reinstatement after suspension periods of less than 120 days is automatic, whereas reinstatement after suspensions of 120 days or more requires the attorney to appear before a three-judge district court panel and present clear and convincing evidence of his or her fitness as a member of the bar. See id. R. 111.1(g).
 
 
 8
 Notwithstanding its merits, Czuprynski's claim has been rendered academic by the recent decision of a panel of this court in United States v. Czuprynski, No. 93-1079, 1995 WL 518873, at ** 1 (6th Cir. Aug. 31, 1995) (unpublished disposition), in which we once more reversed Czuprynski's conviction but on other grounds. Because this conviction, which has now finally been reversed, was the basis for both the district court's 120-day suspension and the Board's 119-day suspension, both these suspensions are now unwarranted. The district court's 120-day suspension should be vacated. No further suspension pertaining to the now-reversed conviction is warranted.
 
 
 9
 We note that the Board also imposed a sixty-day suspension that was unrelated to the federal conviction. The district court's local rule 111.1(b)(2) instructs it to enter an order imposing discipline identical to that imposed by other courts, and the district court is obligated to follow that rule unless it conflicts with federal law. See Lenaghan v. Pepsico, Inc., 961 F.2d 1250, 1253-54 (6th Cir.1992) (implying that local rule is valid absent conflict with federal rules or other federal law).
 
 
 10
 We therefore VACATE the district court's suspension order and REMAND this case. On remand, the district court should comply with its local rule 111.1(b)(2) by entering an order identical to the Board's sixty-day suspension order, effective July 9, 1993. Furthermore, because the sixty-day period will be complete upon entry of the new order, Czuprynski "shall be automatically reinstated ... upon the filing with the [District] Court of an affidavit of compliance with the provisions of the [suspension] order." See E.D.Mich.R. 111.1(g)(1). The record indicates that Czuprynski has already filed such an affidavit. Concurrent with the issuance of the sixty-day suspension order, therefore, Czuprynski should be reinstated to the practice of law in the federal courts.